IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BRANDI NICOLE SILVERS,           )
                                 )
              Plaintiff,         )
                                 )
                                 )  Case No. CIV-21-001-JFH-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
              Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Brandi Nicole Silvers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be AFFIRMED.

### Claimant's Background

The Claimant was thirty-two (32) years old at the time of this ALJ's decision. She has a high school education and has no past relevant work. The Claimant alleges that her inability to work began on August 1, 2004. She claims this inability stems from learning problems, problems following instructions, difficulty understanding even simple tasks, memory problems, concentration

1

problems, problems with reading comprehension, problems with math, problems getting along with other people, right knee pain, ADHD, and borderline intellectual functioning.

## Procedural History

This case involves a long and complicated procedural history. The application at issue in this case was filed on July 22, 2010. On this day the Claimant filed an application for child insurance benefits based on disability and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. These applications were administratively denied by an ALJ on January 3, 2012, and were ultimately appealed to this Court. While the Court was considering that decision, the Claimant filed a new application on March 19, 2013. This application ultimately resulted in a favorable decision, which found that the Claimant was disabled as of March 19, 2013.[1]

The January 3, 2012, decision based on the January 2010 application was ultimately remanded. It was heard again on August 24, 2015, and the ALJ again issued an unfavorable decision. This time the case was remanded with an Order from the Appeals Council directing the ALJ to fully develop the record with all relevant

---

[1] The March 19, 2013, application was issued a favorable decision on August 19, 2014. (Tr. 442-451). Then on August 24, 2015, an ALJ reopened the decision and denied the Claimant benefits. The decision was appealed to this Court, and it was ultimately remanded. (Tr. 756). On June 13, 2017, the Appeals Council entered an Order related to this remand. (Tr. 764-66). This Order found that the 2014 decision, which the ALJ had reopened and addressed in the 2015 decision, was administratively final. (Tr. 764-65). Therefore, the Claimant had been disabled since March 19, 2013. (Tr. 765).

evidence and issue a new decision as to whether the Claimant was disabled for the period from August 1, 2004, to March 18, 2013. Another unfavorable decision was issued on May 16, 2018. The Claimant again appealed this decision to this Court. The decision was again remanded with instructions to fully develop the record with all relevant evidence and issue a new decision as to whether the Claimant was disabled for the period from August 1, 2004, to March 18, 2013. On this remand, the case was referred to ALJ Michael Mannes. ALJ Mannes held an administrative hearing on February 26, 2020, in McAlester, Oklahoma. On September 11, 2020, ALJ Mannes entered an unfavorable decision. The Claimant bypassed her option to file exceptions with the Appeals Council and directly appealed to this Court in January of 2021. As a result, the September 2020 decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] At step two, the ALJ found

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

that the Claimant had the following severe impairments: borderline intellectual functioning/mild intellectual disorder; ADHD, inattentive type; obesity; right knee degenerative joint disease; and tinnitus. (Tr. 1064). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> to perform "light" work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; frequent balancing; and occasional stooping, kneeling, crouching, and crawling. She must have avoided frequent exposure to loud noise. She was able to understand, remember, and carry out simple, repetitive tasks with routine supervision at a slowed pace, but was still able to maintain an acceptably consistent work pace. She could tolerate occasional interaction with supervisors and coworkers but could tolerate no interaction with the general public. She could respond appropriately to changes in a routine work setting, which are gradually introduced, infrequent, and well-explained. Time off task could have been accommodated by normal work breaks.

(Tr. 1073). The Claimant had no past relevant work. (Tr. 1082). Therefore, the ALJ proceeded to step five and found that considering claimant's age, education, work experience, and

---

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Claimant could have performed. (Tr. 1082). Thus, the ALJ found that the Claimant had not been under a disability from August 1, 2004, through March 18, 2013. (Tr. 1084).

**Errors Alleged for Review**

The Claimant asserts that the ALJ erred in two ways. First, the ALJ failed to follow the orders of the Appeals Council and fully develop the record. Second, the ALJ's RFC determination was flawed.

**Social Security Law and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d.

1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Failure to Develop the Evidence

In her opening brief, the Claimant asserts that the ALJ failed to exhibit the favorable 2014 ALJ decision, the hearing transcript, and the evidence associated with it. The Commissioner pointed out, and the Claimant then concedes, that the 2014 decision was included in the record and that a transcript hearing does not exist because a hearing did not happen. Despite this, the Claimant still claims

6

that the ALJ failed to develop the record and exhibit a complete record of all the evidence considered. For the reasons outlined below, the Court finds that the ALJ did consider and incorporate all relevant evidence, as required by the Appeals Council.

This case has now been remanded twice with instructions to fully develop the record. The first time this case was remanded was in relation to an unfavorable decision issued on August 24, 2015. The Claimant appealed the decision to this Court, and it was ultimately remanded. (Tr. 756). On June 13, 2017, the Appeals Council entered an Order related to that remand. (Tr. 764-66). This Order found that the 2014 decision, which the ALJ had reopened and addressed in the 2015 decision, was administratively final. (Tr. 764-65). Therefore, the Claimant had been disabled since March 19, 2013. (Tr. 765). The Appeals Council then addressed the evidence which the ALJ had relied on in his 2015 decision and noted that "the 2015 hearing decision did not exhibit all referenced evidence from the 2014 decision in the 2015 decision exhibit list." (Tr. 765). The Appeals Counsel then instructed that on remand the ALJ should: "exhibit all *relevant* evidence in the certified electronic folder, create a single record, and issue a decision in accordance with the requirements outline HALLEX 1-26-58, and 1-2-8-1." (Tr. 766) (emphasis added). On remand the ALJ was ordered to fully develop the record and then, based on that record, determine

if the Claimant had been disabled from August 1, 2004, to March 18, 2013. (Tr. 765-66).

On the remand of the 2015 decision the case was assigned to ALJ Doug Gabbard II. (Tr. 778). ALJ Gabbard held an administrative hearing on May 1, 2018. (Tr. 625). He then issued an unfavorable decision on May 16, 2018. (Tr. 622). The Claimant again appealed this decision directly to this Court. The Claimant asserted that the ALJ had not followed the Appeals Council Order and had failed to fully develop the record. The Court again remanded the case upon the request of the Commissioner. (Tr. 1177-78). On September 9, 2019, the Appeals Council entered another order remanding the case to an ALJ with further instructions. (Tr. 1182-85). The Appeals Council instructed the ALJ to:

> take any steps necessary to fully develop the administrative record, and to exhibit all ***relevant*** evidence in the certified electronic folder (including evidence outside the F section of the electronic folder), create a single record, and issue a decision based on the official record in accordance with the requirements outlined in HALLEX I-2-6-58 and I-2-8-1.
>
> Give further consideration to the opinion evidence, including the State Agency psychological consultant opinions dated August 5, 2013, and October 8, 2013, and the Function Report completed by the claimant and Third Party Function Report completed by the claimant's mother in 2013, pursuant to the provisions of 20 CFR 404.1527 and 416.927 and explain the weight given to such opinion evidence.

(Tr.1184-85) (emphasis added).

The Claimant now takes issue with the September 2020 opinion in question. She asserts that the ALJ again failed to follow the Appeals Council's Order. The Court disagrees. The first piece of evidence which the Claimant asserts was missing is the 2014 favorable ALJ decision and the associated evidence, including the transcript of the hearing testimony. But as the Commissioner pointed out in their response, the 2014 decision is in the record and there was no hearing, so a transcript does not exist. (*See* Tr. 443-51; 447). The Claimant admits these points in her reply brief, but still tries to salvage the argument by asserting that the ALJ still did not fully develop the record or follow the Order of the Appeals Council.

The Claimant's argument regarding the ALJ's alleged failure to follow the Appeals Council's Order is unpersuasive as it mistakes what was required by the ALJ. The Appeals Council never directed the ALJ to include all evidence considered by the agency in the 2014 decision, which seems to be what Claimant is suggesting, but instead instructed the ALJ to consider all *relevant* evidence. The ALJ specifically did so. This included his consideration of the 2013 State Agency psychological consultant opinions, the Function Report completed by the claimant, and Third-Party Function Report completed by the Claimant's mother in 2013. (Tr. 1061; 1078-79). The Claimant also asserts that the ALJ did not specify what evidence was admitted pursuant to the Appeals

Council's Orders. This is untrue. The ALJ discusses his admission of the above opinions and reports. (Tr. 1062). He also discusses the actions that he took to further develop the record, as required by the Appeals Council Order. (Tr. 1062).

The Claimant's remaining arguments are also unavailing. In the Claimant's reply she makes broad assertions that evidence is still missing from the record, but never says what relevant evidence she believes is missing. In fact, the only specific evidence she does point to is the lack of exhibit list and exhibits from the 2014 decision, but she does say why they needed to be included, how they are relevant, or if the ALJ even considered them when making his determination. She just generally asserts they should be included. This argument misconstrues what was required of the ALJ from the Appeals Council Order. He need only have provided the relevant evidence and what evidence he considered from the 2014 opinion, which he did.

The Claimant fails to point to any evidence that she believes was relevant but was left out of the record. She also fails to identify any evidence that the ALJ relied on in his decision that related to the 2014 decision, but that was then left out from the record. Their argument merely contains general assertions regarding the failure to develop the record, but when the record is examined nothing shows that the ALJ failed to do so. He followed the Appeals Council Order and incorporated the opinions and reports

as requested. (Tr. 1061-62). He also incorporated all relevant evidence that he relied on and made the efforts required to develop the record more fully. (Tr. 1062). Overall, it is unclear what evidence the Claimant wants added to the record if this Court remands or what a remand would achieve in regards to the developing record. The Court sees no reason to reverse this decision for unspecified and irrelevant evidence to be added. Therefore, it declines to do so.

## RFC Determination

As to the merits, the Claimant asserts that the ALJ's determination that the Claimant could still perform light, unskilled work with her knee impairment and morbid obesity is not supported by substantial evidence. Particularly the Claimant takes issue with the ALJ's decision to minimize the impacts of these impairments based on them not being reported in psychological consultative exams. But as discussed below, the ALJ did provide substantial evidence to support his RFC determination.

It is undisputed that the ALJ must consider the combined effect of all impairments when determining the Claimant's RFC. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006); *Wells v. Colvin*, 727 F.3d 1061,1071 (10th Cir. 2013). Further, if an ALJ determines that an impairment is severe at step two and then does not include any limitations based on said impairment in the RFC he must explain the inconsistency. *See, e. g., Timmons v. Barnhart*,

118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.").

In his written opinion, the ALJ found that the Claimant's obesity and right knee degenerative joint disease were severe impairments. (Tr. 1064). In his discussion of the RFC, he thoroughly discussed his reasoning behind only including the limitations on climbing ladders, ropes, and scaffolds for the Claimant's knee issues and obesity. (Tr. 1082). The ALJ relies on substantial evidence to support his determination that these limitations were all the Claimant required during this time. He cited and discussed a plethora of evidence regarding her knee. This evidence included an x-ray and examination in 2005 at which it was determined that her knee was only sprained and the Claimant's denial of knee pain at an examination in November of 2010. (Tr. 1081). The ALJ considered this evidence, along with other medical records, and determined that the Claimant could still perform light work with the additional limitations he provided for her knee. (Tr. 1082).

The Claimant's argument amounts to nothing more than an attempt to have this Court to reweigh the evidence, which it cannot do. The Claimant contends that the ALJ's failure to consider the Claimant's mother's functional report and his mischaracterization of the functional reports failing to mention a knee impairment is wrong. As to the mother's report, the ALJ is not required to discuss every piece of evidence in the file. *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009). As the ALJ discussed the mother's report was, at most, cumulative of the Claimant's complaints, which the ALJ had already discussed. (Tr. 1081-82). Further, the Claimant's assertions ignore the substantial evidence that the ALJ did cite when he determined there were inconsistencies in the record regarding the Claimant's knee pain. (*See, e.g.*, Tr. 290-91; 297; 301-03). For these reasons, the decision of the ALJ should be affirmed.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief, which is not to exceed ten (10) pages.

Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2023

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE